UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| In re | : | CIVIL ACTION NO. |
| JAMES E. WALKER and | : | |
| BARBARA A. WALKER, | : | 3:13-CV-1653-VLB |
| | : | |
| Debtors. | : | SEPTEMBER 30, 2014 |
| | : | |

**MEMORANDUM OF DECISION DENYING APPELLANT'S APPEAL OF DISMISSAL**

I. Introduction

This case is brought on appeal from the United States Bankruptcy Court District of Connecticut. The bankruptcy court dismissed appellants' Chapter 11 case with a two year bar on refiling for relief under the United States Bankruptcy Code. Appellants do not contest that there was cause to dismiss the case; instead, appellants argue that the bankruptcy court erred in failing to consider a sanction less severe than dismissal and the imposition of a two-year bar where less severe sanctions were available. Appellants' Br. 7.

II. Relevant Facts

a. Appellants' Bankruptcy History

Appellants voluntarily filed for Chapter 11 bankruptcy as individuals on April 5, 2013. Appellants' Br. 5, ECF No. 16; *see also* Voluntary Pet. 1, *In re James E. Walker and Barbara A. Walker*, Case No. 13-30603 ("2013 Filing"), ECF No. 1. This bankruptcy filing is appellants' fourth since 1997 and their third in the last five years. 2013 Filing, Am. Voluntary Pet. 2, ECF No. 22. Appellants filed for Chapter 7 bankruptcy in 1997 and the bankruptcy court discharged those debts

1

on December 23, 1997. *See In re James E. Walker and Barbara A.E. Walker*, Case No. 97-33518 ("1997 Filing"). The bankruptcy court terminated the 1997 bankruptcy in 1998. *Id.* Appellants again filed for Chapter 7 bankruptcy on December 30, 2009 and received another discharge of their unsecured debts on April 6, 2010. *See In re James E, Walker, Sr. and Barbara A. Walker*, Case No. 09-33666 ("2009 Filing"). The 2009 case remains open and a Chapter 7 trustee continues to administer the estate. *Id.* Appellant James Walker filed for Chapter 13 bankruptcy on May 7, 2010, *see In re James E. Walker, Sr.*, Case No. 10-31381 ("2010 Filing"), and a Chapter 13 repayment plan was confirmed December 23, 2010. On July 15, 2011, the creditor on appellant's Mercedes moved for relief to repossess for nonpayment on its loan. *See* 2010 Filing, Motion for Relief from Stay, ECF No. 72. The Chapter 13 trustee subsequently moved to dismiss the 2010 case for failure to make plan payments post confirmation. *See* 2010 Filing, ECF No. 76. The bankruptcy court granted the trustee's motion and dismissed the case on January 24, 2013. *See* 2010 Filing, Order Dismissing Chapter 13 Case, ECF No. 86. Appellants paid only a little over $200,000 of the nearly $300,000 required by the Chapter 13 plan over this time. *See* Appellants' Reply Brief at 4; 2010 Filing, Chapter 13 Standing Trustee's Final Report and Account, ECF No. 89; 2010 Filing, Chapter 13 Worksheet, ECF No. 62; 2010 Filing, Order Confirming 1st Amended Chapter 13 Plan, ECF No. 63.

  b. <u>Current Bankruptcy Filing</u>

  Problems arose from the beginning of appellants' Chapter 11 filing in April 2013. Appellants failed to report their 2009 bankruptcy on the first Voluntary

Petition despite a duty to report all bankruptcy filings in the previous eight years. 2013 Filing, Voluntary Pet. 2, ECF No. 1. An amended petition was filed 24 days later including the 2009 bankruptcy. 2013 Filing, Am. Voluntary Pet. 2, ECF No. 18.

The Trustee's motion to dismiss arose from appellants' failure to file monthly operating reports for the duration of their bankruptcy case, as well as their failure to pay quarterly fees as mandated. 2013 Filing, Mot. to Dismiss 5–9, ECF No. 59. Indeed, appellants concede in their appeal to this court that they "did not file their monthly operating reports as required, nor did they pay quarterly fees as mandated." Appellant's Br. at 5-6. On August 2, 2013, the Trustee filed a motion for an order to compel appellants to comply with these duties and to set a timetable for the filing and confirmation of a plan of reorganization. *Id.* at 9. Alternatively, the Trustee requested either a conversion of the case to Chapter 7 liquidation or dismissal of the pending Chapter 11 proceedings. *Id.* Appellants failed to file a response to these motions and filed the missing reports for April and May on August 21, 2013 and August 26, 2013—seven days and two days, respectively, before the hearing on the trustee's motions. *See generally* 2013 Filing, Apr. Operating Report, ECF No. 66; 2013 Filing, May Operating Report, ECF No. 67; 2013 Filing, June Operating Report, ECF No. 72; 2013 Filing, July Operating Report, ECF No. 73. The day before the hearing, appellants submitted a reorganization plan proposing to, among other things, (a) reduce to present value the mortgages on their nine properties, (b) treat the unsecured portion of the mortgages as the rest of their general unsecured debt, and (c) over seven years, repay only five percent of all general unsecured debt. *See* 2013 Filing, Chapter 11

3

Plan, ECF No. 75. Nevertheless, under the plan appellants would retain all nine of their properties including a timeshare in Florida, their Mercedes, and the lease on their Infiniti. *See id.* There is no evidence that plaintiffs ever paid the quarterly fees.

### c. The Proceedings on The Trustee's Motion to Dismiss

The bankruptcy court heard the trustee's motions on August 28, 2013. The trustee argued that because appellants were experienced debtors and the trustee apprised them of their duty to file monthly operating reports, there was no excuse for the delay. 2013 Filing, Transcript 3-4, ECF No. 103. The trustee further argued that because appellants had received a discharge of their unsecured debts in 2010 and possessed minimal unsecured debt, the primary benefit of the proceedings was to delay foreclosure and retain their income properties for as long as possible. *Id.* at 12–13. Additionally, the trustee argued at the dismissal hearing:

> They -- they've had three cases since 2009. And whenever it appears that there's a foreclosure coming that would cut into their -- their little real estate empire which generates the majority of their income for them, they run to bankruptcy for -- for protection, and it just has to stop. That's why the U.S. trustee actually asked for a two-year bar against these Debtors since this is their fourth bankruptcy.

2013 Filing, Transcript 12-13, ECF No. 103. Appellants conceded that they knew that the reports were due and that they failed to turn them in on time. *Id.* at 7–8. However, appellants argued that the court should excuse their noncompliance because they had trouble obtaining their financial information from their accountant and had to retain a new accountant. *Id.* at 9–10.

At the hearing where the appellants had the opportunity to be and were in fact heard, the bankruptcy court, upon weighing the evidence, made several critical findings.  First, the court found that appellants "just ignored" the reporting requirement. *Id.* at 16. Second, the court found that :

> [T[he only reason you filed these things -- I can only come to this conclusion based on the timing -- and the only reason you filed a plan of disclosure statement is because this hearing was coming up.  If this motion never got filed, I would expect we'd be sitting and they'll be just -- they'd just be floating along.

*Id.* at 16. Third, the court found that the appellants failed to exercise due diligence in the preparation of the late-filed reports, that the reports were patently inadequate and that by proffering them, the appellants had acted in bad faith, noting:

> Did you look at the reports? I mean, you're -- you're suggesting that these -- there's some sophistication to what they filed. I looked -- took a quick look at one of them, cash beginning, expenses. I mean, this is right out of their checkbook.

*Id.* at 16-17. Fourth, commenting on the proposed plan of reorganization, the bankruptcy court observed:

> Well, it's a little hard when you're saying this one is very generous to the unsecured. It's paying -- proposing to pay them 5 percent over 84 months. . . . . The -- well, it's hard to -- it's hard to generate a lot of sympathy -- . . . -- because the -- because one of the classes -- just so you know -- is 2000 -- the auto lease one there, their loan on their 2008 Mercedes. Another class is the Orange Lake Country Club. Another one is their -- their secured claim on their leased 2013 Infinity. So you're painting a picture of -- and a whole bunch of -- eight – or seven classes of underwater mortgages. . . . They show no equity in anything.

2013 Filing, Transcript 10-11, ECF No. 103. Finally, the bankruptcy court stated that there was" more than sufficient cause" to dismiss the case with a two-year

5

bar and issued a written order dismissing the case. *Id.* at 17; 2013 Filing, Order to Dismiss, ECF No. 77.

Appellants filed a motion to reconsider, and a hearing was held on the motion on October 2, 2013. 2013 Filing, Transcript of Hearing on Mot. for Recons. 1, ECF No. 104. Appellants offered no new evidence and relied solely on upon the ruling in *In re SageCrest II, LLC*, 444 B.R. 20 (D. Conn. 2011), to argue for reversal of the previous order or removal of the bar to refiling. 2013 Filing, Debtors' Mot. for Recons. 1, ECF No. 79. Reviewing the record, the bankruptcy court entered an order summarily denying the motion for reconsideration the same day. 2013 Filing, Order Denying Motion, ECF No. 84; 2013 Filing, Transcript of Hearing on Mot. for Recons. 6, ECF No. 104.  Appellants timely filed a notice of appeal on October 11, 2013. 2013 Filing, Notice of Appeal, ECF No. 91.

### III. Standard of Review

Jurisdiction over this appeal is conferred by 28 U.S.C. § 158(a)(1). Under Rule 8013 of the Federal Rules of Bankruptcy Procedure, this Court "may affirm, modify, or reverse [the] bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. The bankruptcy court's legal conclusions are reviewed de novo.  *In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007).  "Findings of fact ... shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses." Fed. R. Bankr. P. 8013. "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has

been committed….The bankruptcy court's conclusions of law, however, are reviewed de novo." *In re Guadalupe*, 365 B.R. 17, 19 (D. Conn. 2007).

A bankruptcy court is afforded broad discretion in determining whether to dispose of a Chapter 11 case through dismissal or conversion. Such a decision to convert or dismiss a Chapter 11 case is reviewed for abuse of discretion. *In re Milford Conn. Associates, L.P.*, 404 B.R. 699, 705 (D. Conn. 2009). "A bankruptcy court abuses its discretion when its decision: (1) is based on clearly erroneous or insufficient factual findings, (2) rests on an erroneous view of the law; or (3) falls outside the range of permissible decisions." *Id.* at 706 (citing *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169-70 (2d Cir. 2001)).

## IV. Discussion

The Bankruptcy Code provides that "on request of a party in interest, and after notice and a hearing, the court <u>shall</u> convert a case under this chapter to a case under chapter 7 <u>or</u> dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause…." (emphasis added) 11 U.S.C. § 1112(b)(1) (2012).

A debtor may avoid the mandatory dismissal or conversion if the judge "specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate," and "the debtor or any other party in interest establishes that-- there is a reasonable likelihood that a plan will be confirmed [in a timely manner]; and the grounds for converting or dismissing the case include an act or omission of the debtor other than [the enumerated reasons for cause]-- for which there exists a reasonable

7

justification for the act or omission; and that will be cured within a reasonable period of time fixed by the court." 11 U.S.C. § 1112(b)(2).

"If cause is established under Section 1112(b)(1), conversion or dismissal is mandatory unless the court determines that unusual circumstances exist so that these remedies are not in the best interests of creditors and the estate." *In re Babayoff*, 445 B.R. 64, 76 (Bankr. E.D.N.Y. 2011). The Bankruptcy Code provides that once cause is found the court shall convert the case to Chapter 7 or dismiss "whichever is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1).

"Once cause for relief is shown, the Court has broad discretion to either convert or dismiss the Chapter 11 case. Although this discretion is not completely unfettered, the Court is not required to give exhaustive reasons for its decision." *In re AdBrite Corp.*, 290 B.R. 209, 215 (Bankr. S.D.N.Y. 2003) (citing *In re Koerner,* 800 F.2d 1358, 1368 (5th Cir.1986)).

    a. <u>The Bankruptcy Court Did Not Abuse Its Discretion by Dismissing Rather Than Converting the Case</u>

The appellants do not raise the issue of whether the bankruptcy court erred in finding cause to dismiss. In fact, the word "cause" does not appear in their brief. Their sole complaint on appeal is that the bankruptcy court doled out too harsh a punishment without considering less severe options. Appellants' Br. 7–8. This court holds that the bankruptcy court did not err in exercising its discretion to dismiss the case, as the bankruptcy court's articulated bases for dismissal have been upheld as sufficient to support the more severe consequence of a filing bar incident to dismissal, as the bankruptcy court imposed here.   In *In re*

8

*Casse*, 198 F.3d 327 (2d Cir. 1999), the Second Circuit affirmed a dismissal and bar on future filings where bankruptcy proceedings were being used to thwart a creditor's foreclosure proceedings, and described the standard for reviewing an order barring a debtor from re-filing:

> Reviewing courts will affirm a bankruptcy court's order barring subsequent filings by a particular debtor if they can discern neither legal nor factual error, nor abuse of discretion, in the bankruptcy court's ruling….Since in such cases the bankruptcy court was able to view firsthand the actions and statements of the parties, [and] was able to view the conduct of those parties over an extended period of time, the reviewing court will not substitute its judgment for that of the bankruptcy court, in the absence of a finding of abuse of discretion.

198 F.3d at 341-42 (internal quotations and citations omitted). Here, on the basis of its factual findings, the bankruptcy court made the penultimate finding that "these people [the appellants] know the system" and that these actions were "just a pattern with them." 2013 Filing, Transcript at 17, ECF No. 103. Although not parroting the talismanic terms, the bankruptcy judge found that the appellants administered at best, and filed at worse, their case in bad faith, perpetuating a pattern of serial dubious bankruptcy filing and that their proposed reorganization plan was not in the best interests of the estate or the creditors. Accordingly, the bankruptcy court did not abuse its discretion either in dismissing the case or imposing a two-year bar to re-filing.

b. <u>The Bankruptcy Court did not Have to Articulate Why it Chose Dismissal Over conversion.</u>

Even if the articulation is insufficient, the bankruptcy court has not been shown to have abused its discretion because the appellants fail to show that the bankruptcy court was required to articulate why dismissal was preferable to

9

conversion. Appellants cite to *In re SageCrest II*, 444 B.R. 20 (D. Conn. 2011) in support of their argument that the bankruptcy court was required to consider "sanctions less severe than the dismissal and bar entered in this case." Appellants' Br. 7. Appellants concede that *SageCrest II*, which involved sanctions for discovery violations under Federal Rule of Civil Procedure 37, did not pertain to an 11 U.S.C. 1112(b) dismissal or conversion. *Id.* Nevertheless, appellants rely on *SageCrest II* for the proposition that the bankruptcy court abused its discretion by granting dismissal without considering "lesser sanctions." Appellants' Br. 8.

Appellants' citation to *Sagecrest II* is unpersuasive. *Sagecrest II* involved a motion for sanctions under Federal Rule of Civil Procedure 37 in response to the defendant corporation's failure to produce for deposition the individual who had been designated as their Rule 30(b)(6) representative. *See In re SageCrest II, LLC*, 444 B.R. at 22. The bankruptcy court issued an order on the sanctions motion precluding the "Corporate Defendants from introducing or offering any evidence on the eight topics noticed for the Rule 30(b)(6) deposition." *Id.* The reviewing district court determined "the Second Circuit's holdings make clear that, absent exceptional circumstances, a court must consider the efficacy of less drastic remedies before imposing a severe sanction" for discovery violations. *Id.* at 26. The court is not persuaded that the standard for reviewing discovery sanctions should govern review of dismissals under section 1112(b). Discovery sanctions under Rule 37 are themselves discretionary, and a court need not apply any sanction whatsoever, thus it makes sense that a court should articulate its

reasons for choosing a severe sanction over a lesser sanction or no sanction at all. By contrast, once cause is established, section 1112(b) mandates the most severe penalty, dismissal, while also giving the court the discretion to instead apply conversion. The court thus finds appellants' citation to *In re Sagecrest* unpersuasive.

The court is also unpersuaded because the appellants equate the standard for dismissal on procedural grounds with dismissal on substantive grounds. While the procedural failings of the appellants informed the bankruptcy court's ultimate findings that the case should be dismissed, the decision rested on the substantive grounds that the case was administered, if not filed in the first instance, in bad faith and was not in the best interests of the estate or the creditors, and not just on procedural grounds, materially distinguishing this case from *In re Sagecrest.* Further, even in the case of a discovery dispute, judgment may be appropriate in "extreme situations," as "when a court finds willfulness, bad faith, or any fault on the part of the" noncompliant party. *Bobal v. Rensselaer Polytechnic Inst.,* 916 F.2d 759, 764 (2d Cir. 1990) (internal citation and quotation marks omitted). Here, the bankruptcy court found that the appellants' omissions were willful. Thus, even if it were on point, *In re SageCrest* is inapt.

Moreover, the text of the statute does not support appellant's argument. The text of section 1112(b)(2), which provides that the court may not dismiss or convert the case if the court identifies "unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that - - there is a

11

reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) . . ." 11 U.S.C. § 1112(b)(2)(A). This provision explicitly requires the bankruptcy court to "specifically identif[y]" the unusual circumstances.  Conversely, section 1112(b)(1) does not require the court to make any specific identifications regarding the question of whether the best interests of the creditors and the estate favor dismissal rather than conversion.  Because Congress included the requirement for specific findings in 1112(b)(2), but not in section 1112(b)(1), the court holds that the appellants have failed to establish that Congress intended to require a bankruptcy court to make such a finding when applying section 1112(b)(1).

c. <u>Conclusion</u>

This Court finds neither factual or legal error nor abuse of discretion in the bankruptcy judge's decision dismissing the appellant's bankruptcy case and barring appellants from filing for bankruptcy for two years upon its finding that the appellants acted in bad faith and their proposed plan or reorganization was neither in the best interest of the estate or the creditors.  As a result, the Court affirms the dismissal of appellants' case by the bankruptcy court.  The clerk is directed to close this file.

IT IS SO ORDERED.

                                              _____/s/_____
                                               Hon. Vanessa L. Bryant
                                               United States District Judge

Dated at Hartford, Connecticut: September 30, 2014